UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES D. MORRIS,            Case No. 1:04-cv-549

    Plaintiff,               Spiegel, J.
                                       Black, M.J.
vs.

HEALTH ALLIANCE
dba University Hospital, *et al.,*

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS AUDREY HENLEY, MICHAEL WEBSTER AND ERINN GORDON'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) (Doc. 7) BE GRANTED**

Plaintiff James D. Morris initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 2000e-5(f) following the termination of his employment with defendant Health Alliance, doing business as University Hospital. Seeking compensatory and injunctive relief, plaintiff alleges in part that he was treated unfairly by the individual defendants, Audrey Henley, Michael Webster, and Erinn Gordon. (*See* doc. 1).

On September 27, 2004, Ms. Henley, Mr. Webster, and Ms. Gordon filed a joint motion under Fed. R. Civ. P. 12(b)(6) to dismiss the claims against them. (Doc. 7). Although plaintiff was granted two extensions of time in which to file a response (*see* docs. 10, 15), as of the present date he has not done so. The motion to dismiss is now ripe for review.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I.  STANDARD OF REVIEW

On review of a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party.  *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Because plaintiff brings this case *pro se,* the Court liberally construes his allegations in his favor.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers).  "A pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106).  However, the Court "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## II.  DISCUSSION

The individual defendants present two grounds for dismissal of the complaint: first, plaintiff did not file a charge against them with the Equal Employment Opportunity Commission ("EEOC") and is now barred from doing so; and second, plaintiff failed to articulate how or when the individual defendants discriminated against him.  For the reasons that follow, their motion should be granted.

A.

In the Sixth Circuit, the general rule is that a judicial complaint in an employment discrimination case must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination. *See Weigel v. Baptist Hosp. of East Tennessee,* 302 F.3d 367, 380 (6th Cir. 2002). That is, the facts alleged in the body of the EEOC charge determine the scope of the charge, *Bray v. Palm Beach Co.*, No. 89-6171, 1990 WL 92672, at *2 (6th Cir. June 29, 1990) (*per curiam*), and "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Weigel,* 302 F.3d at 380 (citation omitted).

Thus, the Court's inquiry is whether plaintiff alleged sufficient facts in his EEOC charge to put the EEOC on notice of claims against the individual defendants named in the present action. *See id.* If plaintiff did not allege sufficient facts in his EEOC charge, his claims against the individuals are barred. *See id.*

Plaintiff did not attach a copy of the EEOC charge to his complaint. (*See* doc. 1). However, the document is referenced in his complaint and a copy is attached to the motion to dismiss. (*See* doc. 7, ex. A).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001)

3

(quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997). Additionally, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Amini,* 259 F.3d at 502 (citing *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)) (quotations omitted).

Because a copy of the EEOC charge is attached to the motion to dismiss and referenced in the complaint, the Court must consider the facts alleged in the discrimination charge when deciding defendants' motion. *See Amini,* 259 F.3d at 503.

In the charge, plaintiff identified himself as a disabled person. He stated that his employment was terminated on April 2, 2003, and that prior to termination, he was subjected to harassment. (*See* doc. 7, ex. A). The only individual named in the charge was Ms. Henley, who he alleged "began to harass me and scrutinize my work." (*See id.*) Because the EEOC complaint does not allege any discriminatory conduct by Mr. Webster or Ms. Gordon, claims against them are not properly before the court and should be dismissed.

B.

The individual defendants also contend that plaintiff failed to articulate how or when they discriminated against him. It is not necessary to reach the merits of plaintiff's claims against them because the motion to dismiss may be granted on alternative grounds with respect to all three individual defendants.

4

It is well established that individuals are not liable for discrimination on the basis of disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, or under the Rehabilitation Act ("RA"), 29 U.S.C. § 701 *et seq.* *See Hiler v. Brown,* 177 F.3d 542, 547 (6th Cir. 1999) (citing *Wathen v. General Elec. Co.,* 115 F.3d 400, 405 (6th Cir. 1997); *see also Pritchard v. Southern Co. Servs.,* 102 F.3d 1118, 1119 (11th Cir. 1996), *cert. denied,* 520 U.S. 1274 (1997).

Because the individual defendants may not be held personally liable, the claims against them for alleged unlawful discrimination should be dismissed.

C.

In his prayer for relief, plaintiff seeks, in part, compensation for his "pain and suffering" and "depression." (Doc. 1 at 3). Thus, when the complaint is construed liberally, it may be found that plaintiff also seeks to bring a claim under state law for the intentional infliction of emotional distress ("IIED").

Even when liberally construed, however, the complaint does not contain sufficient factual allegations to state a claim upon which relief can be granted.

To prevail on an IIED claim under state law, plaintiff must prove the following four elements: (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community;" (3) that the actor's actions were the proximate cause of

5

plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it." *Pyle v. Pyle,* 11 Ohio App. 3d 31, 34, 463 N.E.2d 98, 103 (Ohio Ct. App. 1983).

In his complaint, plaintiff alleges "unfair treatment." (Doc. 1).

He states that he had "problems" with Ms. Henley, that he was disciplined for failing to work a shift that she requested, and that she failed to provide him with a duty list so that he could meet her expectations. (*Id.*)

He alleges that upon his return work, after completing a 28 day program, he was directed to sign a "return to work agreement." (*Id.*) He states that Mr. Webster failed to inform the union that he had signed the agreement. (*Id.*)

Finally, he alleges that on the day of his termination, he met with Ms. Gordon who told him he was being terminated because he failed to take a drug test. (*Id.*) Plaintiff alleges that he did not know about the test. (*Id.*)

The actions of the individual defendants as described in the complaint, even when viewed in a light favorable to plaintiff, fall far short of the standard necessary to impose liability for IIED under state law.

### III. CONCLUSION

It appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" as against the three individual defendants. *See Herron*, 203 F.3d at 414.

Accordingly, **IT IS RECOMMENDED THAT** the individual defendants'

6

motion to dismiss (doc. 7) be **GRANTED**; that all claims against Audrey Henley, Michael Webster, and Erinn Gordon should be **DISMISSED** with prejudice; and that they should be **DISMISSED** as party defendants to this action.


Date:  3/8/05                    s/Timothy s. Black
                                 Timothy S. Black
                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES D. MORRIS, | Case No. 1:04-cv-549 |
| Plaintiff, | Spiegel, J. |
| | Black, M.J. |
| vs. | |
| HEALTH ALLIANCE<br>dba University Hospital, *et al.,* | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).