UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES MORRIS,           :

                       :  NO. 1:04-CV-000549

       Plaintiff     :

                       :

                       :  **OPINION AND ORDER**

  v.                 :

                       :

THE UNIVERSITY HOSPITAL,  :

  et al.,              :

                       :

       Defendants    :

                       :

Proceeding pro se, Plaintiff James Morris ("Morris") filed the instant Complaint on August 18, 2004 (doc. 2) against his former employer, The Health Alliance dba The University Hospital ("Health Alliance"), and Health Alliance employees Audrey Henley ("Henley"), Michael Webster("Webster"), and Erin Gordon ("Gordon"), alleging that he was terminated in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. On September 27, 2004, Henley, Webster, and Gordon ("moving Defendants") filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 7). Although Morris received the motion to dismiss and was afforded extensions to file a response thereto, he failed to do so. On March 8, 2005, the assigned Magistrate Judge issued a Report and Recommendation (doc. 16) recommending that the motion to dismiss be granted. Morris filed objections thereto on March 31, 2005, and the moving Defendants filed a response on April 13, 2005, rendering the matter ripe for decision.

Upon de novo review pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's conclusions well reasoned and proper.  As the Magistrate Judge ultimately noted, it has long been established that individuals may not be held liable under the ADA. See, e.g., Hiler v. Brown, 177 F.3d 542, 547 (6th Cir. 1999); Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997). Accordingly, Morris's ADA claims advanced against the moving Defendants necessarily fail as a matter of law.[1]  Furthermore, assuming that Morris's Complaint attempts to advance a claim for intentional infliction of emotional distress under Ohio law, it fails to do so as a matter of law.  Even when it is read with the due deference afforded pro se litigants, see, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976), it fails to advance factual assertions sufficient to satisfy the four elements required under Ohio law.  See, e.g., Pyle v. Pyle, 11 Ohio App.3d 31, 34 (Cuyahoga

---

[1] Although the Court need not reach this issue, it also finds that the Magistrate Judge was correct in concluding that Morris failed to exhaust his claims against the moving Defendants as required by 42 U.S.C. § 2000e-5(e).  His EEOC complaint was levied at the Health Alliance, and it failed to identify Defendants Webster or Gordon – or any potentially unlawful behavior of theirs – in any way.  Although Morris did mention Henley, his manager, in his EEOC complaint, his allegations against her were quite nebulous; for example, he claimed that she "began to harass [him] and scrutinize [his] work" (doc. 7). Morris's failure to identify Webster or Gordon in his EEOC charge prevented the EEOC from being on notice of any claims against them; accordingly, he did not exhaust any such claims.   He is therefore barred from bringing the instant claims against them. See, e.g., Weigel v. Baptist Hosp. of East Tennessee, 302 F.3d 367, 380 (6th Cir. 2002).  It also arguably fails to identify any discriminatory conduct Henley directed toward him.

-2-

Cty. 1983). Morris's purported objections do not address the substance of these conclusions or otherwise call them into question. Accordingly, the Court finds them to be without merit.

For the foregoing reasons, Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (doc. 17) are OVERRULED. The Report and Recommendation (doc. 16) is ADOPTED IN ITS ENTIRETY. The Defendants' Motion to Dismiss (doc. 7) is GRANTED. All claims against Defendants Michael Webster, Audrey M. Henley, and Erin Gordon are DISMISSED. Health Alliance remains as the sole Defendant in the instant suit.

SO ORDERED.

Dated: August 22, 2005          /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge